IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDERSON ORTIZ,               :
    Petitioner            :
                                :    No. 1:13-cr-207
v.                            :
                                :    (Judge Kane)
UNITED STATES OF AMERICA,     :
    Respondent            :

**MEMORANDUM**

Before the Court is Petitioner Anderson Ortiz's ("Petitioner" or "Ortiz"), motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 33.) For the reasons that follow, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On September 25, 2013, a grand jury returned an indictment charging Ortiz with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. No. 1.) After Ortiz pled guilty to the charge, a Presentence Report ("PSR") was prepared by the United States Probation Office. The PSR assigned Ortiz a base offense level of 24 because he had committed the offense subsequent to sustaining at least two felony convictions for controlled substances offenses. PSR ¶ 19. Specifically, Ortiz was previously convicted of delivery of crack cocaine on February 3, 2004, and possession of a firearm in furtherance of drug trafficking on June 29, 2004. PSR ¶¶ 38-39. The PSR also found that Ortiz's offense level of 24 should be increased by four levels because he possessed the firearm in connection with another felony, and reduced by three levels for acceptance of responsibility, resulting in a total offense level of 25. PSR ¶¶ 20-27. The PSR assigned a criminal history category of V, resulting in a guidelines

range of 100 to 120 months' imprisonment.  PSR ¶¶ 42, 72.  On May 20, 2014, the Court sentenced Ortiz to 120 months' imprisonment.  (Doc. No. 30.)  His Judgment of Conviction was filed May 21, 2014.  (Id.)  Ortiz did not appeal his conviction and sentence.

On May 12, 2016, Ortiz filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his sentence should be vacated pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act's ("ACCA") "violent felony" definition void for vagueness.  Accordingly, Ortiz argues that his prior convictions cannot be used to support an offense level of 24 or the enhancement under the United States Sentencing Guidelines.

Pursuant to Standing Order 15-6 of the United States District Court of the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Relating to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Ortiz.  (Doc. No. 34.)  On June 3, 2016, after reviewing Ortiz's motion, Attorney Ghilardi filed a motion to withdraw as counsel (Doc. No. 35), which was granted by this Court on June 3, 2016 (Doc. No. 36).  By Orders dated September 27, 2016 and January 17, 2017, the Court directed the Government to file a response to Ortiz's motion.  (Doc. Nos. 38, 40.)  The Government filed its brief in opposition to Ortiz's motion on March 7, 2017.  (Doc. No. 46.)  Ortiz filed a reply brief on March 27, 2017. (Doc. No. 47.)[1]  Petitioner's Section 2255 motion is now ripe for disposition.

---

[1] Petitioner also filed a letter with an attached exhibit on February 26, 2017 (Doc. No. 45), which the Court has considered in ruling on his motion.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n. 25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act, a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244.

## III. DISCUSSION

### A. Petitioner's Johnson Argument

Petitioner's Section 2255 motion seeking relief pursuant to Johnson fails for two reasons. First, the two predicate convictions used to calculate Johnson's offense level of 24 were convictions for controlled substances offenses, not crimes of violence. PSR ¶ 19. Further, the four-level increase to Ortiz's offense level was a result of Ortiz's possession of a firearm in connection with another felony offense. PSR ¶ 20. This four-level increase, based on U.S.S.G. § 2K2.1(b)(6)(B), is not based on prior convictions for crimes of violence. Accordingly, Johnson's holding regarding the definition of a "violent felony" in the ACCA is inapplicable to

3

Ortiz's case. Furthermore, even if the definition of a "violent felony" was somehow applicable to Ortiz's case, the Supreme Court recently clarified the scope of <u>Johnson</u>'s holding in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), where it held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the due process clause" and "that § 4B1.2(a)'s residual clause is not void for vagueness." <u>Id.</u> at 895. Given that Ortiz challenges his sentence calculated pursuant to the advisory Sentencing Guidelines, the holding of <u>Johnson</u> does not affect the validity of Ortiz's sentence, and his Section 2255 motion must be denied.

In his reply brief, Ortiz appears to acknowledge that he is not entitled to relief pursuant to <u>Johnson</u>, and instead argues that despite the fact that his two prior convictions relied on to support a determination of his guidelines range and enhancement were controlled substances offenses, not violent felonies, he is entitled to relief pursuant to <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016). He argues that there is insufficient proof that his prior convictions were controlled substances offenses under U.S.S.G. §4B1.2, and therefore, they cannot serve as predicate offenses.

However, Ortiz overlooks the crucial fact that his Section 2255 motion, filed May 16, 2016, is timely only if it is based on a claim for relief under <u>Johnson</u>. 28 U.S.C. § 2255 provides a one-year period to file an initial motion to vacate that runs from "the date on which the judgment of conviction becomes final." <u>United States v. Davies</u>, 394 F.3d 182, 186 n. 2 (3d Cir. 2005). Since Ortiz did not appeal his Judgment of Conviction, which was issued on May 21, 2014, his one-year period to file a motion to vacate expired one year after the last date upon

which Ortiz could have appealed his conviction, which was June 4, 2014.[2] Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.") The instant motion was filed almost two years after Ortiz's Judgment of Conviction became final, and therefore, any challenge to his sentence not based on Johnson or some other new substantive rule made retroactive to cases on collateral review is time-barred.

### B. Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court will not hold an evidentiary hearing in this matter.

### C. Certificate of Appealability

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court

---

[2] Federal Rule of Appellate Procedure 4(b)(1)(A) provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. As discussed more fully above, the Court concludes that Petitioner's claim based on Johnson is meritless.

## IV. CONCLUSION

The Court finds that Petitioner has not stated any claims in his Section 2255 motion that merit relief and will deny the motion. Accordingly, the Court will not conduct an evidentiary hearing and will not appoint counsel. An Order consistent with this memorandum follows.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania